

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,166-01

### EX PARTE GREGORY TERRELL WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2017-413,664-A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of failure to register as a sex offender and sentenced to two years' imprisonment. Through habeas counsel, Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his guilty plea was involuntary due to the ineffective assistance of his trial counsel. Trial counsel incorrectly believed, as did the State, that Applicant had a duty to register as a sex offender for life based on a 1979 conviction. However, Applicant's duty to register had already ended because he was a juvenile when he committed the 1979 offense. *See* TEX. CODE CRIM. PROC. art. 62.101. Based on the record, and with the State's agreement, the trial court has

determined that Applicant's guilty plea was not voluntary due to the ineffective assistance of his trial counsel. The trial court and the parties agree that the conviction should be set aside and vacated.

The findings and recommendation are supported by the record and applicable law. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985). Relief is granted. The judgment in cause number 2017-413664 in the 140th District Court of Lubbock County is set aside and vacated. Applicant shall answer the charges as set out in the indictment. The trial court shall issue any necessary orders within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 1, 2023
Do not publish